UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOREST L. FATE, SR.,

                Plaintiff,

-against-

JOHN; HARBOR AUTO CENTER,

                Defendants.

18-CV-3493 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order and judgment dated and entered on December 14, 2018, the Court dismissed this *pro se* action without prejudice because Plaintiff is barred under 28 U.S.C. § 1915(g) from filing federal civil actions *in forma pauperis* ("IFP") as a prisoner. In letters received by the Court on April 1 and 12, 2019, and on May 1, 2019, Plaintiff requests that the Court reopen this action. (ECF Nos. 8-11.) The Court construes these letters as one motion for relief from the Court's December 14, 2018 order and judgment brought under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

Plaintiff initiated this action by mailing his complaint, IFP application, and prisoner authorization to the Court while he was held in the Orange County Jail. (ECF Nos. 1-3.) In an April 24, 2018 order, the Court directed Plaintiff to show cause, within thirty days, why he was not barred under 28 U.S.C. § 1915(g) from proceeding IFP as a prisoner. (ECF No. 4.) The Court warned Plaintiff that if he did not show cause, the Court would deny his IFP application, bar him from filing future federal civil actions IFP as a prisoner under § 1915(g), and grant him 30 days to pay the relevant fees totaling $400.00. (*Id.* at 2.)

The Clerk of Court first mailed a copy of that order to Plaintiff at the Orange County Jail, but it was returned to the Court with a notation that it had been refused. The Clerk of Court then mailed a copy of that order to Plaintiff's residence in Spring Valley, New York – it was never returned to the Court.

On November 27, 2018, the Court received a letter from Plaintiff inquiring about the status of this action; Plaintiff had sent it from the Rockland County Jail. (ECF No. 5.) Two days later, the Clerk of Court mailed a copy of this action's docket sheet to Plaintiff.

By order and judgment dated and entered on December 14, 2018, the Court recognized Plaintiff as barred under § 1915(g), denied Plaintiff's IFP application, and dismissed this action without prejudice because Plaintiff failed to respond to the Court's April 24, 2018 order within the time allowed. (ECF Nos. 6 & 7.) The Clerk of Court mailed copies of the December 14, 2018 order and judgment to Plaintiff's residence in Spring Valley, New York – they were never returned to the Court.

Plaintiff now asks the Court to reopen this action. (ECF Nos. 8-11.) He states that in April 2018, he was released from the Orange County Jail on bail. (ECF No. 8 at 1; ECF No. 9 at 1.) He alleges that after he had been released, he visited the Court at the Honorable Charles L. Brieant Jr. Courthouse, in White Plains, New York. (ECF No. 8 at 1; ECF No. 9 at 1; ECF No. 10 at 1.) He states that he was going to pay the $400.00 in fees, but he decided not to after a Court employee advised him "to hold off paying the fee[s] until the Judge sent out an order because at that point it was unclear as to if I was granted" IFP status. (ECF No. 9 at 1; see ECF No. 8 at 1; ECF No. 10 at 1.) He also states that in November 2018, while he was again in custody, he inquired with the Court about the status of this action.[1] (ECF No. 9 at 1.)

---

[1] This may be a reference to Plaintiff's letter that he sent from the Rockland County Jail,

Plaintiff asserts that on an undisclosed date, after he had been released on bail from the Orange County Jail and had visited the Court, he was again taken into custody and held in the Rockland County Jail before being transferred to a jail in Nash County, North Carolina.[2] (*See* ECF No. 8 at 1.) He states that on March 14, 2019, he was transferred back from the North Carolina jail to the Rockland County Jail. (*Id.*)

Plaintiff, who is currently held in the Rockland County Jail, attributes his noncompliance with the Court's April 24, 2018 order to (1) the Orange County Jail staff's failure to forward his mail following his release, (2) his wife's confiscation of his mail and her failure to notify him about his mail during their separation and his incarcerations, and (3) his lack of understanding of the Court's order. (ECF No. 9 at 1; ECF No. 10 at 1; ECF No. 11.)

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply.

---

which the Court received on November 27, 2018. (*See* ECF No. 5.)

[2] Plaintiff states that he wrote to the Court to inform the Court of his new mailing address in North Carolina. (ECF No. 8, at 1.) But there is no record of a document filed by Plaintiff in this action in which he changes his mailing address to an address in North Carolina.

3

Accordingly, to the extent that Plaintiff seeks relief under Rule 60(b)(1)-(5), the Court denies that relief.

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A person seeking Rule 60(b)(6) relief must show both that his motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's letters (ECF Nos. 8-11) as a motion seeking relief from the Court's December 14, 2018 order and judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion. While Plaintiff is in custody, he is not barred from filing this action again by paying the relevant fees.

---

[3] Plaintiff does not assert in any of his postjudgment letters why the Court should not have dismissed this action and why he is not barred under § 1915(g).

The Clerk of Court is also directed to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 17, 2019
       New York, New York

                                                COLLEEN McMAHON
                                       Chief United States District Judge