UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOREST L. FATE, SR.,

                Plaintiff,

-against-

JOHN; HARBOR AUTO CENTER,

                Defendants.

1:18-CV-3493 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    By order and judgment dated December 14, 2018, the Court dismissed this action without prejudice because the Court recognized that Plaintiff, who appears *pro se*, was barred under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing federal civil actions *in forma pauperis* ("IFP"). Plaintiff appealed. In a mandate dated December 12, 2019, the United States Court of Appeals for the Second Circuit vacated this Court's judgment and remanded this action to this Court for further proceedings. *Fate v. John, Harbor Auto Ctr.*, 19-2089 (2d Cir. Dec. 12, 2019). This Court's December 14, 2018 judgment is therefore vacated.

    The Second Circuit directed this Court "to consider, among any other issues, whether, in light of [the Second Circuit's] recent decision in *Escalera v. Samaritan Village*, 938 F.3d 380, 382-84 (2d Cir. 2019) (per curiam)," two actions cited by this Court as strikes are properly considered strikes under § 1915(g). *Id.*

    The Second Circuit has issued an identical mandate in another of Plaintiff's actions, *Fate v. New York*, No. 19-2008 (2d Cir. Dec. 12, 2019) ("*Fate I*"). On February 10, 2020, this Court directed service on the defendants in *Fate I* for the limited purpose of allowing the parties in that action to file briefs to address whether Plaintiff is barred under § 1915(g). *Fate I*, ECF 1:19-CV-4107, 14 (S.D.N.Y. Feb. 10, 2020).

Because the parties in *Fate I* will address the same issue that the Second Circuit has directed the Court to consider in this action, there is no need for additional litigation in this action until the issue has been decided after briefing in *Fate I*. The Court therefore holds this action in abeyance pending the resolution of the issue in *Fate I*.

**CONLCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The December 14, 2018 judgment is vacated.

The Court holds this action in abeyance until the parties in *Fate*, 1:19-CV-4107 file briefs as directed by the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

SO ORDERED.

Dated: March 23, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge